**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0859-17T2

DONALD NUCKEL,

      Plaintiff-Appellant,

v.

NEW JERSEY ECONOMIC
DEVELOPMENT AUTHORITY,
an agency of the State of New
Jersey, and MARCUS SALDUTTI,
Senior Legislative Officer of the
New Jersey Economic
Development Authority,

      Defendants-Respondents,

and

DOKA U.S.A., LTD,

      Intervenor-Respondent.

_____

      Argued January 16, 2019 - Decided May 19, 2020

      Before Judges Fuentes, Accurso, and Vernoia.

      On appeal from the Superior Court of New Jersey, Law
      Division, Mercer County, Docket No. L-0001-17.

Martin R. Kafafian argued the cause for appellant (Beattie Padovano, LLC, attorneys; Arthur N. Chagaris, of counsel and on the briefs; Martin R. Kafafian, on the briefs).

Ryan J. Brown, Deputy Attorney General, argued the cause for respondents (Gurbir S. Grewal, Attorney General, attorney; Raymond R. Chance, III, Assistant Attorney General, of counsel; Ryan J. Brown, on the brief).

Justin D. Santagata argued the cause for intervenor-respondent (Kaufman Semeraro & Leibman, LLP, attorneys; Justin D. Santagata, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

Plaintiff Donald Nuckel owns various properties in the Borough of Wallington in Bergen County and is a principal in the Wallington Real Estate Investment Trust (WREIT). Defendant New Jersey Economic Development Authority (NJEDA) is an independent state agency established under N.J.S.A. 34:1B-1 to -21.36. Intervenor Doka USA Ltd. (Doka) is a wholly-owned subsidiary of an Austrian construction conglomerate with a leased facility in Little Ferry, New Jersey.

Doka decided to relocate its Little Ferry, New Jersey operations to a different location. In September 2016, Doka qualified for the Grow New Jersey

Program[1] and was granted an estimated annual award of $300,000 "for a 10-year term"[2] to purchase and open a new facility in the Borough of Wallington. Doka elected to purchase a twenty-six-acre tract in Wallington from Farmland Dairies, Inc., which abuts a property owned by WREIT.

On September 29, 2016, plaintiff filed a request with the NJEDA under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, seeking all documents and communications by either Doka or NJEDA "in support of its applications for a NJ Grow tax credit[.]" Plaintiff's counsel thereafter narrowed the scope of the request by seeking only documents "concerning real property in [the Borough of] Wallington." On October 21, 2016, Marcus Saldutti, NJEDA's Senior Legislative Officer and designated OPRA records custodian, emailed Doka's representative to apprise him of plaintiff's request for records and to ascertain Doka's position on the matter, including whether Doka was willing to defend NJEDA in any litigation related to this request.

---

[1] The Grow New Jersey Assistance Program "is available to businesses creating or retaining jobs in New Jersey and making a qualified capital investment at a qualified business facility in a qualified incentive area." Successful applicants are awarded tax credits.

[2] The appellate record includes a copy of the minutes of the September 9, 2016 meeting of the NJEDA, which reflect the unanimous approval of Doka's award.

In a letter dated October 27, 2016, Doka's counsel confirmed to Mr. Saldutti that Doka agreed to defend NJEDA in any litigation related to this matter. Doka's counsel also identified the following eight documents that, in his judgment, were responsive to plaintiff's request: (1) a concept plan, (2) an incentive map, (3) a letter of interest, (4) an environmental summary, (5) site photographs, (6) a site plan email, (7) a layered new structure document, and (8) a demolition plan with Doka's salary and financial information. Counsel for Doka opined that, other than the site photo, plaintiff's remaining requests were vague, improper, and reference trade secrets. Thus, in Doka's view, these requests were not subject to disclosure under OPRA.

On October 28, 2016, plaintiff submitted a second OPRA request seeking the eight records Doka's counsel identified in the October 27, 2016 letter. On November 16, 2016, in response to the second OPRA request, Mr. Saldutti provided plaintiff the incentive map and site photographs, but did not produce the other requested documents because they contained Doka's trade secrets and proprietary information.

Pursuant to N.J.S.A. 47:1A-6, plaintiff filed an Order to Show Cause (OTSC) against NJEDA to compel access to the six remaining documents. Before the start of the summary proceeding, Judge Mary C. Jacobson, the

vicinage's designated OPRA judge,[3] granted Doka's motion to intervene. After considering the arguments of counsel, Judge Jacobson ordered defendants to submit the remaining documents for in camera review.

While the OPRA litigation was pending before Judge Jacobson, WREIT issued a subpoena to Doka in a related tax litigation seeking: (1) any and all documents related to a contract between Farmland Dairies and Doka, (2) letters of intent related to the purchase or sale of the subject properties, (3) environmental reports related to the subject property, and (4) any other documents that would be relied on to show the value of the subject properties. Doka responded to the subpoena and provided WREIT with the documents requested, which contained the same information plaintiff sought in the OPRA summary proceedings.

Doka's counsel thereafter apprised Judge Jacobson that plaintiff was in possession of the information he sought in the OPRA case, rendering the case moot. Plaintiff acknowledged that Doka had provided the information at issue in the OPRA case in response to the subpoena issue by WREIT in the Tax Court

_____

[3] Pursuant to N.J.S.A. 47:1A-6, a summary action filed in the Superior Court to seek access to a government record "shall be heard in the vicinage where it is filed by a Superior Court Judge who has been designated to hear such cases because of that judge's knowledge and expertise in matters relating to access to government records[.]"

A-0859-17T2

matter.  Plaintiff nevertheless moved for an award of counsel fees and costs before Judge Jacobson under the fee-shifting provision in N.J.S.A. 47:1A-6 based on the catalyst theory adopted by the Supreme Court in Mason v. City of Hoboken, 196 N.J. 51, 76 (2008).

After considering the arguments of counsel, Judge Jacobson denied plaintiff's application for counsel fees and dismissed the OPRA complaint with prejudice.  The judge found the record developed in this case was not sufficient to satisfy the elements of the catalyst theory.  Against this backdrop, plaintiff appeals arguing the judge erred in denying his request for counsel fees.  We disagree and affirm substantially for the reasons expressed by Judge Jacobson.

As a threshold issue, the parties disagree on the applicable standard of review this court should employ.  Plaintiff argues we should review the trial court's decision de novo because determining whether plaintiff is entitled to an attorneys' fees award under OPRA is purely a legal issue.  N. Jersey Media Grp., Inc. v. Bergen Cnty. Prosecutor's Office, 447 N.J. Super. 182, 194 (App. Div. 2016).  Doka maintains that the relevant standard of review is abuse of discretion under Packard-Bamberger & Co. v. Collier, in which the Supreme Court stated: "fee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion."  167 N.J. 427,

444 (2001). NJEDA did not address the standard of review question in its appellate brief.

Our standard of review depends on the nature of the issues before us. If plaintiff's appeal is predicated on the amount of counsel fees the trial court awarded him as a prevailing requestor under OPRA, the standard of review would be abuse of discretion. Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001). However, the issue before us is whether plaintiff is entitled to an award of counsel fees under OPRA. Plaintiff argues Judge Jacobson erred as a matter of law when she rejected the applicability of the catalyst theory. Because this is purely a legal question, it is subject to de novo review. Toll Bros. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002).

> A plaintiff need not obtain a final judgment on the merits or secure a consent decree from a defendant in order to be considered a "prevailing party" under the catalyst theory. In order to be awarded counsel fees under the catalyst theory, a plaintiff must demonstrate (1) a factual causal nexus between the litigation and the relief ultimately achieved; and (2) that the relief ultimately secured by plaintiff had a basis in law.
>
> [Jones v. Hayman, 418 N.J. Super. 291, 305 (App. Div. 2011) (quoting Mason, 196 N.J. 72-76).]

Mindful of this legal standard, Judge Jacobson found:

> [T]he documents are ultimately provided by Doka in the context of the WREIT versus Farmland Dairies,

A-0859-17T2

New Jersey Tax Docket Number 590-2017. Doka was subpoenaed to provide information in that case. We have representations and there have been certification[s] filed by Doka's counsel and documents attached to show what the subpoena requested and what they provided. But the documents that Mr. Nuckel got through that litigation with Farmland Dairies in the tax court were documents that were also requested here, but the catalyst for his getting those documents was the subpoena in the tax case and not any ruling from this Court, not any settlement that was achieved by the parties in this court, and not any voluntary action from the [NJ]EDA that is connected to this litigation.

Plaintiff has the burden of proof to show the OPRA litigation was the catalyst for disclosure. Mason, 196 N.J. at 57. Judge Jacobson's ultimate conclusion is predicated on these undisputed facts. We discern no legal basis to disturb Judge Jacobson's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0859-17T2